1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CYMEYON HILL,                              No.  2:21-cv-2382 DB P

12                    Plaintiff,

13        v.                                     ORDER

14    KIMBERLY SEIBEL, et al.,

15                    Defendants.

16

17           Plaintiff is civil detainee proceeding pro se.[1]  Before the court are plaintiff's complaint for

18    screening and plaintiff's motion to proceed in forma pauperis.  Plaintiff submitted a declaration

19    that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in

20    forma pauperis will be granted.  For the reasons set forth below, this court finds plaintiff has

21    stated no cognizable claims for relief and grants plaintiff leave to file an amended complaint.

22    ////

23    ////

24    _____

25    [1] A civil detainee is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and 42 U.S.C.
      § 1997e(h).  See Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[O]nly individuals who,
26    at the time they seek to file their civil actions, are detained as a result of being accused of,
      convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C.
27    § 1997(e) and 28 U.S.C. § 1915.").  Accordingly, plaintiff is not subject to the Prison Litigation
      Reform Act's requirements regarding the payment of administrative fees.  Civil detainees are also
28    not subject to the PLRA's administrative exhaustion requirement.  Id.

                                                 1

**SCREENING**

## I. Legal Standards

The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  The court must dismiss a complaint or portion thereof if the party has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

////

////

2

1   **II. Analysis**

2       **A. Plaintiff's Allegations**

3       Plaintiff filed his complaint in the Northern District of California in September 2021.

4   (ECF No. 6.)  Around that time, he also filed numerous "affidavits" (ECF Nos. 1, 2) and other

5   documents (ECF Nos. 8, 9, 10).  The case was transferred to this court in December 2021 because

6   "[t]he acts complained of occurred at California State Prison-Sacramento, which is located in the

7   Eastern District of California, and it appears that defendants reside in that district."  (ECF No.

8   11.)  Plaintiff filed no further documents since his case was transferred.

9       This court has reviewed plaintiff's filings to attempt to discern the claims plaintiff is

10  attempting to raise.  Plaintiff identifies many defendants, some of whom differ from filing to

11  filing.  Some defendants appear to work at California State Prison-Sacramento, Salinas Valley

12  State Prison, or Patton State Hospital.  Others appear to have positions in the California

13  Department of Corrections and Rehabilitation.  Many defendants are named but their place of

14  employment is not identified.

15      Plaintiff makes general allegations of improper conduct.  As best this court can tell,

16  plaintiff's primary[2] allegations amount to the following:  (1) a request for a criminal investigation

17  into excessive force, the denial of medical treatment, racketeering, and conspiracy; (2) claims that

18  plaintiff has been subjected to excessive force, a denial of medical care, theft of his funds, and

19  retaliation; (3) a challenge to plaintiff's incarceration in state prison because he was civilly

20  committed and is not a prisoner; and (4) citations to the Uniform Commercial Code and

21  references to contracts and commercial liens.

22      **B. Does Plaintiff State Claims for Relief?**

23          **1. Potential Civil Rights Claims**

24      Several of plaintiff's allegations may, with more information, state claims under the Civil

25  Rights Act, 42 U.S.C. § 1983.  The Civil Rights Act provides as follows:

26  _____

27  [2] Plaintiff lists many claims in various filings.  For example, in his "affidavit" filed September 23,
    2021, plaintiff identifies 35 defendants and lists 18 "charges."  (ECF No. 8.)  This court has
28  reviewed plaintiff's various filings to attempt to determine his primary concerns.

3

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made."

Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Allegations of excessive force could amount to a Fourteenth Amendment claim.  To state

a Fourteenth Amendment excessive force claims, plaintiff must allege facts showing: (1)

specifically what each defendant did; (2) that each defendant took that action knowing it was

substantially likely to cause plaintiff harm; (3) that each defendant was deliberately indifferent to

that harm; (4) that there was no legitimate reason for each defendant's actions; and (5) that the

actions caused plaintiff harm.  Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).

Allegations of retaliation could amount to a First Amendment claim.  To state a First

Amendment claim for retaliation, plaintiff must allege facts showing: (1) a state actor took an

adverse action against him (2) because of (3) his exercise of protected conduct, and that such

action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably

advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

2005) (footnote omitted); see also Nyland v. Calaveras Cty. Sheriff's Jail, 688 F. App'x 483, 485

(9th Cir. 2017) (citing Rhodes standards in case of pretrial detainee).

Allegations that plaintiff was denied medical care could state a claim under the Fourteenth

Amendment.  To state that claim, plaintiff must allege facts showing: (1) in detail, just what each

defendant did; (2) that each defendant's conduct was unreasonable; (3) that plaintiff had a serious

medical need; (4) that each defendant knew of that need; and (5) that plaintiff suffered harm.  See

Gordon v. Cnty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018).

Plaintiff's contentions that he should not be housed in state prison since he is a civil detainee appear to be, essentially, claims regarding the conditions of his confinement.  To state a claim that the conditions of his confinement violate his due process rights under the Fourteenth Amendment, plaintiff must allege facts showing the conditions amount to "punishment."  Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004); see also Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982) (requiring civil detainees be given "more considerate treatment" than criminal detainees).  Punitive conditions of confinement are those that are either expressly intended to punish or those that are "excessive in relation to the alternative purpose [for confinement]."  Demery v. Arpaio, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting Bell v. Wolfish, 441 U.S. 520, 538 (1979)).

### 2.  Other Allegations

To the extent plaintiff is attempting to report criminal activity, a suit in federal court is not the appropriate method to do so.  Plaintiff should contact the police or sheriff's department in the appropriate area.

Plaintiff fails to show how his complaint that his inmate funds have been misappropriated amounts to a claim under federal law.  The Ninth Circuit Court of Appeals has held that California law provides a remedy for property deprivations by public officials.  See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).  If plaintiff wishes to raise a state law claim, he must first show that he has complied with California's Government Claims Act.  See Cal. Gov't Code §945.4.

To the extent plaintiff is attempting to challenge his continued civil commitment, his federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausts state judicial remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Duncan v. Walker, 533 U.S. 167, 176 (2001) (a state court order of civil commitment satisfies Section 2254's "in custody" requirement); Huftile v. Miccio–Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme...may use a § 2254 habeas petition to challenge a term of confinement.").

Plaintiff's citations to the Uniform Commercial Code ("U.C.C.") and references to contracts and liens do not state any sort of federal claim.  Plaintiff does not describe any contract-

based claims and this court is unable to determine any factual basis for plaintiff's citation to the U.C.C. or reference to liens.

**CONCLUSION**

Above, this court finds plaintiff fails to state any claims for relief.  Plaintiff will be given an opportunity to amend the complaint.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits or other filings to determine what plaintiff's charging allegations are as to each named defendant.  Plaintiff must include ALL claims he wishes to pursue in one amended complaint.  In the present order, as a one-time courtesy to plaintiff, this court has reviewed all of plaintiff's filings to attempt to determine his claims.  The court is not required to do so and this court will only consider the amended complaint next time.

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other.  Fed. R. Civ. P. 20(a)(2).  "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607

6

1   (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).  Simply alleging a "conspiracy" does not transform

2   unrelated claims into related claims.

3      The federal rules require a simple description of a party's claims.  Plaintiff's claims must

4   be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

5   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

6   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

7      An amended complaint must be complete in itself without reference to any prior pleading.

8   E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

9   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

10  evidentiary support for his allegations, and for violation of this rule the court may impose

11  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

12     Finally, court records show that plaintiff has filed many cases in this court.  Plaintiff is

13  warned that he may not bring claims in this action that are the same as claims he raised in pending

14  or previously-litigated actions.  Cato v. United States, 70 F.3d 1103, 1105 (9th Cir. 1995)  "[A]

15  duplicative action arising from the same series of events and alleging many of the same facts as

16  an earlier suit" may be dismissed as frivolous or malicious under section 1915(e)."  Bailey v.

17  Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

18     For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

19  follows:

20        1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is granted.

21        3.  Plaintiff's complaint (ECF No. 6) is dismissed with leave to amend.

22        4.  Plaintiff is granted sixty days from the date of service of this order to file an amended

23  complaint that complies with the requirements of the Federal Rules of Civil Procedure and the

24  Local Rules of Practice.  The amended complaint must bear the docket number assigned this case

25  and must be labeled "First Amended Complaint."  Failure to file an amended complaint in

26  accordance with this order may result in a recommendation that this action be dismissed.

27  ////

28  ////

1       5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2  form used in this district and to randomly assign a district judge to this case.

3  Dated:  March 10, 2022

4

5  _____

6  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15  DLB:9/

16  DB prisoner inbox/civil rights/S/hill2382.scrn LTA

17

18

19

20

21

22

23

24

25

26

27

28