UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:21-cv-2382 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| KIMBERLY SEIBEL, et al., | |
| Defendants. | |

Plaintiff is a civil detainee proceeding pro se. Before the court is plaintiff's first amended complaint ("FAC") for screening. For the reasons set forth below, this court will dismiss the FAC with leave to amend.

**BACKGROUND**

Plaintiff is housed at California State Prison, Sacramento ("CSP-Sac"). Plaintiff filed this action, along with several other documents, in the fall of 2021. On screening, this court found plaintiff failed to state any claims for relief. In attempting to determine plaintiff's allegations against the many defendants identified in his filings, this court noted that plaintiff might be trying to allege claims arising under the First Amendment and the Fourteenth Amendment. Plaintiff's complaint was dismissed with leave to amend. On May 25, plaintiff filed a first amended complaint.

////

1

**SCREENING**

As described in this court's prior screening order, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff identifies four defendants: Clinician Kimberly Seibel, Correctional Counselor Jennifer Weaver, Psychologist Dr. Williams, and Psychologist Dr. Suziqui. Plaintiff alleges that he is a civil detainee who is being treated in the Enhanced Outpatient Program ("EOP"), a mental health treatment program, at CSP-Sac. Plaintiff states that the defendants are denying him appropriate mental health treatment. Plaintiff further alleges that he is being kept in a cell for 23 hours a day for the last 15 years. Plaintiff contends the poor ventilation combined with dust particles and friable asbestos has caused him to suffer consistent coughing.

As best this court can tell, plaintiff is attempting to allege two violations of the Fourteenth Amendment; one based on the care for his medical needs and the second based on the conditions of his confinement. With respect to plaintiff's medical claim, as plaintiff was informed previously, he must state facts which show the following: (1) just what each defendant did; (2) that each defendant's conduct was unreasonable; (3) that plaintiff had a serious medical need; (4) that each defendant knew of that need; and (5) that plaintiff suffered harm. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018). Plaintiff does not meet any of these requirements. Plaintiff must describe his serious medical need. He does not explain what sort of mental health problems he suffers from. Plaintiff must also fully describe the conduct of each defendant. Plaintiff does not allege facts showing how each defendant is responsible for

plaintiff's medical care or why each defendant is aware that plaintiff is receiving harmful medical care. Further, plaintiff must explain what harm he is suffering from the inadequate medical care.

Plaintiff's second contention is that he is being kept in a cell for 23 hours a day and, as a result, has respiratory problems. Plaintiff fails to make any showing connecting these defendants to the conditions of his housing and his resulting health problems. Plaintiff must show: (1) how each of the defendants is responsible for plaintiff's placement in a cell with poor ventilation for 23 hours a day, (2) that each defendant knew or should have known that plaintiff may suffer harm if he was placed in the cell for an extended period of time, and (3) that each defendant either took actions, or failed to take actions, that resulted in the harm plaintiff suffered.

## CONCLUSION

Plaintiff fails to state any cognizable claims for relief. He will be given an opportunity to amend his complaint. Plaintiff is advised that he must adhere to the following legal standards for stating claims for relief under § 1983.

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.
- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).
- The following people are typically not appropriate defendants in a § 1983 action: (1) supervisory personnel, see Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (supervisors not liable for the actions of their employees under § 1983; respondeat superior is not a basis for liability); and (2) persons whose only role was reviewing plaintiff's administrative appeals, see George v. Smith, 507 F.3d 605, 609 (7th Cir.

3

2007) (Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation.).

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).

- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief.

- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.

- Plaintiff must exhaust his administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

Finally, plaintiff is advised that by signing an amended complaint, he certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 16) is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended

4

complaint in accordance with this order will result in a recommendation that this action be dismissed.

    3. The Clerk of the Court shall provide plaintiff with a copy of the civil rights complaint form along with a copy of this order.

Dated: June 17, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/hill2382.FAC scrn LTA