UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

    v.

KIMBERLY SEIBEL, et al.,

    Defendants.

No. 2:21-cv-2382 KJM DB P

FINDINGS AND RECOMMENDATIONS

    Plaintiff is a civil detainee proceeding pro se. Before the court is plaintiff's second amended complaint ("SAC") for screening. For the reasons set forth below, this court will recommend the SAC be dismissed without leave to amend.

**BACKGROUND**

    Plaintiff is housed at California State Prison, Sacramento ("CSP-Sac"). On screening plaintiff's complaint and first amended complaint, this court was unable to discern any cognizable claims for relief under 42 U.S.C. § 1983. In dismissing those complaints with leave to amend, this court provided plaintiff with the standards for the constitutional claims he appeared to be attempting to make and with instructions for preparing an amended complaint. Plaintiff has now filed an SAC.

////

////

1

**SCREENING**

As described in this court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff identifies four defendants: Psychologist Kimberly Seibel, Counselor Jennifer Weaver, Officer A. Scotland, and Psychologist Dr. Suziqui. Plaintiff alleges that in June 2022, he told each defendant he was suicidal and each defendant failed to provide him any treatment. For relief, plaintiff requests a "federal indictment against members of the green wall."

As plaintiff was informed previously, to allege a claim that a defendant's conduct violated his right to medical care under the Fourteenth Amendment, he must state facts showing, among other things, that he suffered harm as a result of that defendant's conduct. See Gordon v. Cnty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018). Plaintiff alleges that he was "trapped" in a cell "to harm himself." While plaintiff alleges conduct that appears to have caused him distress, and this court is certainly sympathetic to his distress, plaintiff does not show that he suffered harm sufficient to satisfy the standards for a civil rights claim. 42 U.S.C. §1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."); Oliver v. Keller, 289 F.3d 623, 629 (9th Cir. 2002). Further, this court notes that plaintiff's requested relief – a federal indictment – is not available in a § 1983 action.

////

Plaintiff again fails to state any cognizable claims for relief.  Even with direction from the court, plaintiff has been unable to describe conduct by any of the four defendants that, if true, violated his constitutional rights.  This court finds that it would be futile to give plaintiff another opportunity to attempt to state a claim.

Accordingly, IT IS HEREBY RECOMMENDED[1] that this action be dismissed for plaintiff's failure to state a claim for relief.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 20, 2022

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/hill2382.SAC scrn fr

---

[1] Plaintiff made notations on his complaint that he was "rejecting" the "offer" for "subject matter jurisdiction" or "to contract."  This court is unable to interpret these notations.  Based on plaintiff's attachment of this court's prior screening order, it is possible plaintiff objects to the authority of the undersigned magistrate judge.  If that is plaintiff's concern, plaintiff is advised that the undersigned is not entering a final order in this case.  Rather, the undersigned is recommending to Chief District Judge Mueller that plaintiff's case be dismissed.  As stated in the body of this document, plaintiff has the right to file objections to the recommendation.